# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRIS DAVENPORT,

    Plaintiff,

v.

BANK OF AMERICA, N.A., *et al.*,

    Defendants.

Case No. 2:11-CV-00686-KJD-CWH

**ORDER**

    Presently before the Court is Plaintiff's Motion to Remand (#13). Defendants filed a response in opposition (#21). Also before the Court is Defendants' Motion to Dismiss and Expunge Lis Pendens (#6). Plaintiff filed a response in opposition (#14) to which Defendants replied (#19).

I.  Motion to Remand

    Plaintiff asserts that the action should be remanded because his complaint does not state a federal cause of action on the face of the complaint, and because Defendants failed to unanimously notify the court of their intention to consent to removal. Plaintiff also argues that the Court should abstain from hearing this action.

    However, the record clearly demonstrates that diversity jurisdiction exists in this action. Plaintiff is a citizen of the state of Nevada and Defendants are all citizens of other states. It is also undisputed that the amount in controversy exceeds $75,000.00. Furthermore, it is undisputed that all Defendants are jointly represented and timely joined in the notice of removal. Finally, Plaintiff has

not met his heavy burden in demonstrating that the Court should abstain from hearing this action. Therefore, removal was proper and Plaintiff's motion to remand is denied.

II. Motion to Dismiss

Plaintiff filed a nearly identical lawsuit ("the 2010 lawsuit") involving the same property, same loan, same deed of trust, and same defendants in 2010 which was dismissed by this court on November 19, 2010. See Davenport v. Bank of America, N.A., 2:09-cv-1609-PMP-RJJ. When the *lis pendens* in that action was expunged and a new Notice of Sale was sent to Plaintiff and recorded, he filed the present action in state court which was subsequently removed to the present Court. It listed essentially, though expressed slightly differently, the same twelve causes of action present in the 2010 lawsuit. The two new claims, statutorily improper foreclosure and "broken chain of custody", could have been brought in the 2010 lawsuit. Defendants have now moved to dismiss the present case on grounds of res judicata.

"Res judicata, also known as claim preclusion, bars litigation of claims in a subsequent action that were raised or could have been raised in the prior action." Oregon Natural Desert, 2008 WL 140657 *3, citing Owens v. Kaiser Fund Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). To trigger the doctrine of res judicata, the earlier suit must have (1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies. Mpoyo v. Litton Electro-Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005) (citation omitted). In this action, all three prongs necessary for the assertion of res judicata are present. This action involves the exact same facts as the 2010 lawsuit, the 2010 lawsuit reached a final judgment on the merits, and it involves identical parties. Therefore, the Court must grant Defendants' motion to dismiss.[1]

---

[1] The Court notes that in opposition to the motion to dismiss Plaintiff merely reiterated boilerplate arguments that he stated a claim on the face of his complaint and that he is entitled to discovery. Plaintiff made no response to the argument that his claims are foreclosed by res judicata. Therefore, Defendants are entitled to dismissal under Local Rule 7-2(d) which allows the court to construe Plaintiff's failure to address Defendants' motion as consent to the granting of the motion.

1  Plaintiff is warned that if he continues to assert the same claims that have now been
2  dismissed twice, he will be subject to sanctions under the Court's inherent authority by this Court or
3  the court in any subsequent action should he choose to file the same action a third time.

4  III.  Conclusion

5  Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#13) is
6  **DENIED**;

7  IT IS FURTHER ORDERED that Defendants' Motion to Dismiss and Expunge Lis Pendens
8  (#6) is **GRANTED**;

9  IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**;

10  IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants
11  and against Plaintiff.

12  DATED this 13TH day of October 2011.

Kent J. Dawson
United States District Judge